UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL SLONE JACKSON          :
                               :   NO. 1:05-CV-00608
     Petitioner,               :
                               :
                               :
  v.                           :   **OPINION AND ORDER**
                               :
                               :
MICHAEL SHEETS,                :
                               :
     Respondent.               :

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Respondent's motion to dismiss be granted and Petitioner's petition for writ of habeas corpus be dismissed with prejudice as time-barred (doc. 9). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

Petitioner, an inmate currently in state custody at the Ross Correctional Institution in Chillicothe, Ohio, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 19, 2005 (doc. 1). Thereafter, Respondent filed a motion to dismiss (doc. 4), Petitioner responded in opposition to the motion (doc. 5), Respondent replied in support (doc. 7), and Petitioner filed a supplemental memorandum (doc. 8). The Magistrate Judge issued his Report and Recommendation on August 9, 2006 (doc. 9), and Respondent filed an Objection to the Report and

Recommendation on August 24, 2006 (doc. 11).

In his motion to dismiss, Respondent argues that Petitioner's writ of habeas corpus is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In his Report and Recommendation, the Magistrate Judge very carefully reviewed the circumstances of Petitioner's case, as well as the applicable statutes and case law, and found Respondent's argument well-taken (doc. 9). The Magistrate Judge concluded that:

> Petitioner's claims for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), and that the statute therefore commenced running on October 22, 1999 and expired one year later on October 22, 2000. Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor the equitable tolling principles apply to justify excusing the statute of limitations bar in this case. The instant petition, 'received' for filing on September 16, 2005, was submitted nearly five years too late (doc. 9).

In his brief, Petitioner offers two objections to the Magistrate Judge's Report and Recommendation. Petitioner first argues that the Magistrate Judge failed to consider whether the statute of limitations for his second and third grounds for relief should be equitably tolled because "the need to correct such a manifest injustice within the latter two grounds far outweighs any other mishap" (doc. 11). Petitioner contends that all errors in his case can be traced back to the incompetence of his criminal trial attorney, and his objection very thoroughly details

Petitioner's interactions with this attorney (Id.).

Petitioner's next objection is to the Magistrate Judge's characterization of the timing of Petitioner's knowledge of his right to appeal (Id.).  Petitioner maintains that he lacked constructive knowledge of the filing requirements for an appeal of his sentence, he diligently pursued his rights, and, under the circumstances, it is reasonable that Petitioner remained ignorant of the legal requirements for filing his claim (Id.).  Petitioner contends that given these facts, the statute of limitations should be equitably tolled under the principles set forth in Pace v. DiGuglielmo, 544 U.S. 408 (2005) and Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.); cert. denied, 534 U.S. 1057 (2001) (Id.).

The Court does not find Petitioner's objections well-taken.  The Magistrate Judge did, in fact, consider Petitioner's first argument that he is entitled to equitable tolling to prevent a "manifest injustice" (doc. 9).  The Magistrate Judge noted that equitable tolling to prevent manifest injustice only applies where the petitioner presents a credible claim of actual innocence (Id. citing Souter v. Jones, 395 F.3d 577, 601 (6th Cir. 2005)).  Petitioner must show "that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" based on "new reliable evidence...that was not presented at trial" (Id. citing Souter, 395 F.3d at 590 & n.5)).  The Magistrate

-3-

Judge found that "Petitioner has made no such showing in this case" (Id.).

Likewise, the Magistrate Judge carefully considered Petitioner's second objection in the Report and Recommendation(Id.). The Magistrate Judge found there was no extraordinary circumstance that prevented Petitioner from timely filing a federal habeas petition. The Magistrate Judge concluded from a review of the trial transcript, that Petitioner was made aware of his appellate rights during the taking of his plea (Id.). Further, the Magistrate Judge found that Petitioner did not diligently pursue his rights, stating:

> Indeed, even assuming, *arguendo*, that as petitioner has argued, he was unaware of his appeal rights at the time he entered his plea, he certainly knew about them upon receipt of his trial counsel's letters of January and February 2002...Nevertheless, petitioner did nothing in the year thereafter to challenge his conviction (Id.).

Thus, the Magistrate Judge concluded that Petitioner was not entitled to equitable tolling under either Pace or Dunlop.

The Court, after full consideration of this matter, finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 9), and thereby GRANTS Respondent's Motion to Dismiss (doc. 4) and

DISMISSES WITH PREJUDICE Petitioner's writ of habeas corpus (doc. 1).  Because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling, the Court DOES NOT issue a certificate of appealability in this case.  Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in "good faith" and therefore DENIES petitioner leave to appeal in forma pauperis upon a showing of financial necessity.

       SO ORDERED.


Dated: December 19, 2006      /s/ S. Arthur Spiegel

                                       S. Arthur Spiegel
                                       United States Senior District Judge